IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
PULSAR DE PUERTO RICO, INC., d/b/a    *
DIAMOND PALACE HOTEL AND CASINO       *
                                      *
      Plaintiff,                      *
                                      *
vs.                                   *    CIVIL NO. 06-1282 (JP)
                                      *
UNION DE TRABAJADORES DE LA           *
INDUSTRIA GASTRONOMICA DE PUERTO      *
RICO, LOCAL 106 DE LOS EMPLEADOS      *
DEL HOTEL Y DEL RESTAURANTE,          *
                                      *
      Defendant                       *
                                      *
```

**TEMPORARY RESTRAINING ORDER**

The Court has before it the Verified Complaint and Request for Temporary Restraining Order and the sworn affidavit attached thereto filed by Plaintiff Pulsar de Puerto Rico, Inc., d/b/a Diamond Palace Hotel & Casino, pursuant to Section 301 of the Labor Management Relations Act, as amended, praying for issuance of a Temporary Restraining Order and an Order directing Defendant to show cause why an injunction should not be issued in enjoining and restraining said Defendant from engaging in certain acts and conduct in violation of the applicable collective bargaining agreements in effect between the parties.

It appearing to the Court that Defendant is about to commit the acts hereinafter specified and that it will do so unless restrained by Order of this Court, and that immediate and irreparable serious injury, loss or damage, will result to Plaintiff before notice can be given and Defendant or its attorneys can be heard in opposition

CIVIL NO. 06-1282 (JP)          -2-

to the granting of the Temporary Restraining Order, in that the curtailment of all part of Plaintiff's operations by the acts of Defendant gravely affect financially the operations of Plaintiff, and, in view that Defendant represents almost the absolute totality of Plaintiff's employees, the avoidance of which acts are considered by Plaintiff and Defendant in the no-strike and grievance provisions of the Collective Bargaining Agreement by and between the parties, the Court hereby enters the following **ORDERS:**

It is hereby **ORDERED** that Defendant Unión De Trabajadores, Mr. Peter De May, and/or the Union's officers, agents, representatives, members, attorneys and all persons in active concert and participation with them, be and hereby are restrained from any and all acts of violence, sabotage, work stoppages and/or strike activity, including picketing, secondary strike, maintaining themselves in a single place, interfering with the works, stopping the works, blocking the entrance and exit and any attempts be Defendant to prohibit the employees to work.

It is further **ORDERED** that Defendant Unión de Trabajadores, Mr. Peter De May, and/or the Union's officers, agents, representatives, members, attorneys and all persons in active concert and participation with them, be and they hereby are restrained from blocking, disrupting, obstructing, restraining, interfering, coercing, hindering, maintaining themselves in a single place, in front of Plaintiff's facilities, interfering with the works, stopping

CIVIL NO. 06-1282 (JP)           -3-

the works of Plaintiff and blocking the entrance and exit of the cabdrivers that carry and collect visitors of Plaintiff, refusing to enable Plaintiff to provide services to their clients or delaying the performance of such work and the business of Plaintiff's; from in any way obstructing, restraining, hindering or delaying the services of Plaintiff or from Plaintiff's clients, of any and all persons, taxis, cars, automobiles, trucks, trailers, containers and other transportation equipment operated by any person, whether or not owned or operated by Plaintiff's employees, representatives, agents or subcontractors, in any way or manner engaging in acts of violence, intimidation, coercion or threat in an effort or with the effect to obstruct, restrain interfere hinder, delay and/or suspend or stop Plaintiff's operations and the free ingress and egress therefrom.

**On or before March 21, 2006,** the Defendant **SHALL** file an Answer to the Complaint and petition, and serve a copy thereof upon Plaintiff's counsel at their offices at 407 del Parque Street, 4th Floor, San Juan, Puerto Rico 00912.

The restraint on this Order **SHALL** become effective the moment it is entered, and **SHALL** expire within (5) five working days, on Friday, March 24, unless within such time the order for good cause shown is extended for a like period, or unless Defendant consents that it may be extended for a longer period. **On or before March 22, 2006,** pursuant to 29 U.S.C. § 07, Plaintiff is hereby **ORDERED** to post a bond in the amount of **FIFTY THOUSAND DOLLARS ($50,000.00)** for

CIVIL NO. 06-1282 (JP)          -4-

the payment of costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

The parties hereto **SHALL** appear before this Court on **Wednesday, March 22, 2006,** at **2:00 p.m.**, for an Initial Scheduling Conference, where the Court will discuss with the parties the allegations raised in the Complaint and schedule, if necessary, a hearing for the issuance of a preliminary injunction in this matter under <u>Boys Markets, Inc. v. Retail Clerks Union, Local 770</u>, 398 U.S. 235 (1970). The parties **SHALL** file memoranda specifying their claims and legal contentions **on or before March 21, 2006.**

Counsel for Plaintiff **SHALL** serve this Order upon Defendant and its counsel, together with all documentation that has been thus far filed in this case, within **TWENTY FOUR (24)** hours of the issuance of this Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of March, 2006.

                                    s/Jaime Pieras, Jr.
                                    JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE